UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ANTONIO DE LA CRUZ PIMENTEL,

Defendant.

13-cr-0213

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Antonio De La Cruz Pimentel pleaded guilty to Count One of a two-count indictment, which charged him with importation of cocaine into the United States. *See* 21 U.S.C. §§ 952 and 960(b)(3). The second Count was dismissed.

On March 19, 2013, Defendant arrived at John F. Kennedy International Airport in Queens, New York, on a commercial flight from Santo Domingo, Dominican Republic. During Customs inspection, he was selected for examination of his person for contraband. An x-ray examination read positive for foreign objects in his digestive tract. He was detained, and eventually passed 79 pellets of powdered cocaine. According to laboratory testing conducted by the Drug Enforcement Agency, the seized cocaine had a net weight of 758.4 grams with a purity level of 73.3%.

De La Cruz Pimentel was sentenced on October 8, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is 13 and the defendant's criminal history is category I. The Guidelines range of imprisonment is between twelve and eighteen months. The calculation of the total offense level included a four-point reduction for the defendant's minimal role (U.S.S.G § 3B1.2(a)), a three-point reduction for acceptance of responsibility (U.S.S.G §§ 3E1.1(a) & (b)), a four-point "fast track" reduction (U.S.S.G. § 5K3.1), and a two-point "safety valve" reduction (U.S.S.G § 2D1.1(16)).

The maximum term of imprisonment is twenty years. *See* 21 U.S.C. §§ 952(a) and 960(b)(3). The offense to which the defendant pleaded guilty permits probation for a term of not less than one year or greater than five years. *See* 18 U.S.C § 3561(c)(1).

De La Cruz Pimentel was sentenced to a term of imprisonment of one year and one day. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future, to pay a fine. Defendant will be subject to three years of supervised release, during which time the standard conditions shall apply.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). De La Cruz Pimentel imported cocaine into the United States, a serious offense. He had no previous criminal history, though he acknowledged that he had made one prior trip smuggling narcotics into the United States from the Dominican Republic. His role was limited to that of a courier, for which he was paid $7,000 for each trip.

Defendant, now forty-three years old, had a difficulty childhood. His parents' relationship ended shortly after his birth; he was left in the care of his father and paternal grandmother. Defendant reports that his father was an alcoholic, and that he was subject to physical abuse growing up. At age 16, the defendant left to live "on the streets" in the Dominican Republic, and

3

eventually he found his way to Puerto Rico. There he married a U.S. citizen, and in 2002, he became a permanent resident alien.

In 1999, De La Cruz Pimentel and his family moved to the Bronx, New York. He has three children (ages 16, 15, and 13) with his wife. In 2009, De La Cruz Pimentel's relationship with his wife ended in separation, though the defendant continues to send her informal child support every few weeks. De La Cruz Pimentel's 16-year-old daughter, who resides with her mother, recently became pregnant. The defendant has not been able to send any support to his estranged wife, a hotel worker, since his arrest. De La Cruz Pimentel also has a one-year-old child in the Dominican Republic, who he similarly supported there prior to his arrest.

De La Cruz Pimentel's income generally comes from his work as a painter. He has engaged in various types of other manual labor from a young age.

Defendant's mother, who appeared at sentencing, has been emotionally supportive since his arrest. She urged a "flexible" sentence for the sake of the defendant's children.

Under 18 U.S.C. § 3553(a)(2)(B), a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction, a term of imprisonment, and the collateral consequences that will attach to the conviction. Here, the defendant likely faces permanent removal from the United States and separation from three of his children. Specific deterrence has been substantially achieved. Defendant has expressed remorse, including a genuine apology to his mother and nephew, who attended sentencing. It is unlikely that he will engage in further criminal activity.

In view of the defendants consistent work history, difficult childhood, acceptance of responsibility, and support for his children, a sentence at the low end of the Guidelines range is

"sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

                                                                                     _____
                                                                                     Jack B. Weinstein
                                                                                     Senior United States District Judge

Dated: October 1, 2013
           Brooklyn, New York